**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| LLANO FINANCING GROUP, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 2:15-CV-305 |
| STEVE WENGER, CHRISTINE WENGER, and ASAP APPRAISAL SERVICE, INC., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Amended Complaint Pursuant to Rules 12(b)(1) and (6), filed by the defendants, Steve Wenger, Christine Wenger, and ASAP Appraisal Service, Inc., on January 5, 2016. (DE #22.) For the reasons set forth below, the motion is **GRANTED**, and this case is **DISMISSED** without prejudice[1] for lack of subject-matter jurisdiction.

BACKGROUND

Llano Financing Group ("Llano"), a Texas limited liability company, filed its complaint against the defendants, Steve Wenger, Christine Wenger, and ASAP Appraisal Service, Inc. (collectively, "Defendants"), on August 17, 2015. (DE #1.) The complaint was

---

[1] "A suit dismissed for lack of jurisdiction cannot also be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).

amended on November 23, 2015. (DE #16.) Both Steve Wenger and Christine Wenger are described as Certified Residential Real Estate Examiners licensed by and living in Indiana who are "citizen[s] of the United States." (*Id.* at 2.) ASAP Appraisal Service, Inc. is described as a "dissolved Indiana Corporation whose principal office was located [in] . . . Indiana." (*Id.*) Llano indicates that it is:

> suing in its capacity as agent for Impac Funding Corporation, ('Impac'), the master servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, ('Trust') a national bank association, which owns the loan that is the subject of this suit. As master servicer, Impac had the authority and right to assign certain servicing functions and other duties to Savant LG, LLC (hereinafter, 'Savant'). Specifically, Impac assigned any and all legal rights that it possessed to assert damage and negligence claims (hereinafter, 'Tort Claims') against real estate appraisers and other tortfeasors (real estate appraisers and other tortfeasors collectively hereinafter 'Tortfeasors') relating to certain loans it services, including this Loan, to Savant. Savant, in turn, has the authority to pursue such Tort Claims in its own name or assign such Tort Claims to a claim servicing entity (hereinafter 'CSE') to initiate litigation against Tortfeasors. Consequently, Savant delegated and assigned its duties, authority, and legal rights to pursue the Tort Claims against Defendants herein to Plaintiff as the CSE.

(*Id.* at 1-2) (capitalization in original; numerical paragraphs deleted). Llano's suit is premised upon diversity jurisdiction. (*Id.* at 3.)

Llano alleges that, on or about October 26, 2006, Defendants completed an appraisal of a residential property located at 3254 Kenwood Street in Hammond, Indiana (the "Property"), and determined that the appraised value of the Property was $126,000. (*Id.*; see also DE #16-1.) In reliance on that appraisal, Flick Mortgage Investors, Inc. (the "Lender"), funded a loan in the amount of $113,400 to Miguel A. Andrade (the "Borrower"), so that he could purchase the Property. (*Id.* at 3, 5.) According to Llano, the Borrower "subsequently defaulted and the Trust foreclosed on the Property on February 3, 2012" which ultimately caused the Trust to lose $134,495.29. (*Id.* at 6.) In May of 2015, Llano conducted a review of the loan history and determined that the appraisal conducted by Defendants and submitted to the Lender had been "negligently prepared and contained material misrepresentations regarding the Property and that the [l]oan was significantly under-secured." (*Id.*) Llano claims that the market value of the Property was "far less than $126,000" and that, if the Lender had known the "true market value of the Property it would not have funded the [l]oan." (*Id.*) Based on these allegations, Llano brings state law claims of breach of contract, negligent misrepresentation, and professional negligence. (*Id.* at 6-10.)

Defendants filed the instant motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on January 5, 2016. (DE #22.) Llano filed its response

on January 19, 2016. (DE #23.) Defendants filed a reply on January 26, 2016. (DE #24.) Thus, the motion is ripe for adjudication.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). The party asserting that jurisdiction exists has the burden of establishing that the cause lies within the federal court's limited jurisdiction. *Id*. When the jurisdictional question involves standing, the plaintiff must establish the required elements which include an injury in fact, a causal connection, and redressability. See *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). "If standing is challenged as a factual matter, the plaintiff must come forward with 'competent proof' – that is a showing by a preponderance of the evidence – that standing exists." *Id*. (citing *Retired Chicago Police Assoc. v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996)). In reviewing such a Rule 12(b)(1) motion to dismiss, the court may look beyond the complaint to review any

extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). Importantly, "[s]ubject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Ill. v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998); see also *Villareal v. Snow*, No. 95 C 2484, 1996 WL 28282, at *2 (N.D. Ill. Jan. 19, 1996) ("When a motion to dismiss is brought both for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state an actionable claim under Rule 12(b)(6), the Rule 12(b)(1) motion is addressed first.")

*Lack of Subject-Matter Jurisdiction*

Defendants argue that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Llano lacks standing to sue. In essence, Defendants argue that Llano has not established that it has suffered an injury because it has no "'personal stake' in the redress of the alleged wrongs for which it has sued Defendants." Defendants accuse Llano of being in the business of "lawsuit speculation" through champerty in that it "seeks to reap a windfall for itself" when, in fact, it has incurred no damages and suffered no actual injury as a result of the foreclosure of the Property. Specifically, Defendants state

that Llano has pled that it is not the "owner" of the loan but rather solely an agent of Impac; as a result, it has affirmatively identified two companies with Article III standing, neither of which are Llano. Defendants assert that the amended complaint does not show that Llano is entitled to the proceeds of this litigation but instead only that others are entitled to those proceeds. In response, Llano calls Defendants' contention of champerty "close to being libelous." It argues that, as an agent of Impac, it has a "direct and immediate interest in the right of action." According to Llano, "[i]t is well recognized that a mortgage loan servicer has standing to sue for injuries suffered by the owner of the mortgage loan."

As noted above, when a plaintiff's standing is challenged as a factual matter, conclusory assertions are not enough to overcome such a challenge. See *Llano Financing Group, LLC v. Bannec*, No. 2:15-CV-297, 2016 WL 739278, at *5 (N.D. Ind. Feb. 25, 2016) (citing *Shales v. Schroeder Asphalt Servs., Inc.*, No. 12 C 6987, 2013 WL 2242303, at *7 (N.D. Ill. May 21, 2013)). The Seventh Circuit has recognized that there is a "critical difference" between facial and factual jurisdictional challenges. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). Importantly, during a factual attack, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive

truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional." *Apex Digital*, 572 F.3d at 444 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Because the court is of limited jurisdiction, "'if the facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth.'" *Id*. (quoting *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)).

Here, even though Llano was presented with a factual challenge regarding its standing, it responded by simply pointing to the allegations outlined in the complaint and stating that, "[Llano] is an agent of Impac who is the master loan servicer for the mortgage holder. [Llano] is a sub-servicer of the master servicer and also has a direct and immediate interest in the right of action." But, as noted by the Honorable William C. Lee in a recent case almost identical to this one,[2] "Llano's conclusory allegations, despite its insistence otherwise, do not establish how Llano acquired the standing it claims to have or how it suffered any damages when the underlying loan, held by a mortgage trust, went into default." *Llano Financing Group, LLC v. Bannec*, No. 2:15-CV-297, 2016 WL 739278, at *4 (N.D. Ind. Feb. 25, 2016) (distinguishing cases cited

---

[2] In fact, even Llano's response brief itself is identical in both cases save for a few words.

by the plaintiff as both factually and legally distinct from the case at bar). The Court agrees with Defendants that Llano has not shown that it has a personal stake in this litigation or that it has suffered an injury in fact. Focusing on Llano's failure to recognize the distinction between facial and factual challenges to jurisdiction and its reliance on general legal propositions rather than specific evidence, Judge Lee aptly stated:

> What makes [Llano's] argument smell so bad is that it is nothing more than a generic statement of contract and agency law without any explanation, let alone evidence, that it applies in this case. Put another way, Llano fails to adduce any evidence whatsoever that establishes its standing to bring this lawsuit, instead resting on the assertions in its Complaint to do so. . . . Llano's argument that it has standing is based solely on its self-serving conclusory assertion that it acquired that standing by virtue of being a sub-servicer to Impac Lending, who, in turn, was the master servicer for the mortgage Trust. But . . . such conclusory assertions are insufficient to overcome a factual challenge to a plaintiff's standing . . . . Applying the proper standard for analyzing a factual challenge to jurisdiction, it is clear that Llano has failed to establish standing to bring this lawsuit. Llano's vague, unsupported, and conclusory assertion that it has standing in this case does not make it so. [The defendant] raised a factual challenge to Llano's standing and Llano presented nothing to quash that challenge. Once such evidence is proffered, the presumption of correctness that we accord to a complaint's allegations falls away, . . . and the plaintiff bears the burden of coming forward with competent proof that standing exists. Llano has failed to meet its burden and this case must be dismissed in its entirety.

*Id.* at *5-6 (internal quotations marks, brackets, and citations omitted). The same sound reasoning applies in this case, and Llano has not raised any arguments or provided any evidence that would change that result. Thus, because Llano has failed to establish that it has standing to bring this suit, this case must be dismissed.

CONCLUSION

For the reasons set forth above, the motion is **GRANTED**, and this case is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

ENTERED: August 19, 2016  /s/Rudy Lozano
**Judge, United States District Court**